**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSEPH LUZIER III,**
**D.O.C.# E24178,**

    **Plaintiff,**

vs.                                     **CASE NO. 4:24-cv-340-WS-MAF**

**SGT. V. HUGGINS, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a pro se prisoner, submitted a civil rights complaint, ECF No. 1, as well as a motion for in forma pauperis, ECF No. 2. However, Plaintiff is not eligible for in forma pauperis status because she[1] is a "three-striker" under the Prison Litigation Reform Act (PLRA) and does not allege she is in imminent danger of serious physical injury.

The PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[1] Plaintiff identifies as a female in her complaint.

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Though Plaintiff acknowledged in her complaint that she has had at least one case dismissed under that statute, she failed to identify any case numbers or dates of dismissal as required by the court form. ECF No. 1 at 17.

The Court takes judicial notice of Plaintiff's four previous prisoner civil rights cases in the Middle District of Florida dismissed as frivolous, malicious, or for failure to state a claim: <u>Luzier v. Brevard County Sheriff's Department</u>, No. 6:05-cv-01251-GAP-DAB (M.D. Fla. Sept. 1, 2005) (dismissed as frivolous); <u>Luzier v. Jonathan F. Bull, P.A.</u>, No. 6:06-cv-00444-PCF-JGG (M.D. Fla. Apr. 13, 2006) (dismissed for failure to state a claim); <u>Luzier v. Ogden</u>, 6:06-cv-839-GAP-DAB (M.D. Fla. July 17, 2006) (dismissed for failure to state a claim pursuant to <u>Heck</u>); and <u>Luzier v. Parker</u>, 6:07-cv-00181-PCF-KRS (M.D. Fla. Apr. 5, 2007) (dismissed for abuse of judicial process).

Plaintiff should be well-aware of her status, as she has had numerous cases dismissed pursuant to § 1915(g), including one as recent as April 2024. <u>See</u> <u>Luzier v. Tomoka Correctional</u>, Case No. 6:24-cv-471-GAP-RMN (M.D. Fla. April 10, 2024). Because Plaintiff has three strikes, she is not entitled to proceed without paying the filing fee at the time of case initiation unless she alleges that she is "under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g).  Plaintiff presents no such allegations in his complaint, ECF No. 1.

In this case, Plaintiff alleges three Eighth Amendment claims against multiple correctional officers at Wakulla Correctional Institute for failure to protect, failure to intervene, and failure to supervise. Id. She claims that between August and September 2022, she was placed in a dorm despite expressing her safety concerns and subsequently attacked by another inmate. Id.  Plaintiff states that after the events took place, she was granted a transfer to Columbia Correctional Institute. Id.  Plaintiff makes no allegations that she is facing imminent danger from any person or situation.

Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay the filing fee.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, ECF No. 2, be **DENIED**, that this case be **DISMISSED without prejudice**, and the Order adopting this Report and

4:24-cv-340-WS-MAF

Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida on August 27, 2024.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**